UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS A. LOVE )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALDEN BAPTIST CHURCH, INC. )<br>Defendant. ) | Case No. 3:24-cv-30010-KAR |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND
(Dkt. No. 5)

I.   Introduction

Plaintiff Louis A. Love ("Plaintiff") filed suit against his former employer, Alden Baptist Church, Inc. ("ABC") in the Superior Court Department of the Massachusetts Trial Courts, Hampden County ("Hampden County Superior Court"), alleging a violation of the Massachusetts Wage Act, Mass Gen. Laws ch. 149, §148) and breach of contract (Dkt. No. 1). ABC timely removed the case to this court alleging federal question as a basis for subject matter jurisdiction (Dkt. No. 1). The parties consented to this court's jurisdiction (Dkt. No. 9). See. Fed. R. Civ. P. 73(b). Now before the court is Plaintiff's motion to remand the case to the Hampden County Superior Court (Dkt. No. 5). ABC has not filed an opposition to the motion to remand, which is hereby GRANTED.

II.   Discussion

Invoking federal question jurisdiction, ABC removed the case on the basis that its status as a tax-exempt entity does not permit it to transfer assets to the benefit of an individual such as Plaintiff (Dkt. No. 1 at 2 ¶ 6). As the removing party, ABC "has the burden of establishing that the court has subject matter jurisdiction over the case." *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). To justify removal, ABC had to meet the "well-pleaded complaint rule," *Rhode Island Fishermen's Alliance v. Rhode Island Dep't of Envtl. Mgmt.*, 585

1

F.3d 42, 48 (1st Cir. 2009), meaning that it had to show that Plaintiff's complaint "exhibit[ed], within its four corners, either an explicit federal cause of action or a state-law cause of action that contain[ed] an embedded question of federal law that [was] both substantial and disputed." *Id.* (citing *W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 193 (2d Cir. 1987)). "[I]t is … settled law that a case may *not* be removed to federal court on the basis of a federal defense …." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Plaintiff's claims do not arise under federal law, nor has ABC shown that they contain an embedded and disputed question of federal law. ABC improperly removed the instant action to this court based on a defense to liability it claims to have under the Internal Revenue Code, 26 U.S.C. § 4958(c)(1)(A) (Dkt. No. 1 at 2 ¶¶ 6-7). It has not opposed Plaintiff's well-reasoned motion for remand (Dkt. Nos. 5, 7). ABC has not satisfied its burden of demonstrating that this court has subject matter jurisdiction over this case, which, as Plaintiff contends, belongs in the Hampden County Superior Court where it was initially filed.

### III.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The case is remanded to the Hampden County Superior Court and the Clerk's Office is directed to close the case on this court's docket.

It is so ordered.

Dated: July 15, 2024            Katherine A. Robertson
                                KATHERINE A. ROBERTSON
                                U.S. MAGISTRATE JUDGE